IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD HALL,** | : | CIVIL ACTION NO. 1:22-CV-951 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **C/O S. CRAMER,** | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

This is a civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Reginald Hall, who is incarcerated in Benner Township State Correctional Institution ("SCI-Benner Township") alleges that defendant, correctional officer S. Cramer, violated Hall's civil rights by forcing him to leave the prison's medical unit on one occasion and bringing allegedly fabricated misconduct charges against him. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. We will dismiss the complaint in part for failure to state a claim upon which relief may be granted. Hall's deliberate indifference, retaliation, and equal protection claims will be dismissed without prejudice, and he will be granted leave to file an amended complaint.

**I.      Factual Background & Procedural History**

Hall initiated this case through the filing of a complaint on June 10, 2022, which the court received and docketed on June 16, 2022. (Doc. 1). According to the allegations in the complaint, Hall went to SCI-Benner Township's medical department at 7:00 p.m. on November 27, 2021 to receive a prescribed dose of

Flonase. (Id. at 2). Hall approached a nurse and asked for his Flonase, at which point defendant Cramer allegedly came up behind Hall and yelled "get out!" at him for no apparent reason. (Id.) Hall returned to his housing unit. (Id.) An officer in the unit told him that he was being charged with misconduct for using abusive language. (Id.) Hall asked the officer if he was going to be transferred to the prison's restrictive housing unit ("RHU"). (Id.) The officer told him that he would not be transferred, but Hall was allegedly transferred to the RHU approximately 90 minutes later. (Id.) Hall was charged with a misconduct for threatening Cramer upon his arrival in the RHU. (Id.)

Three days later, Hall appeared for a disciplinary hearing. (Id.) Hall explained to the disciplinary hearing officer that he never had any contact with Cramer and that surveillance footage and the nurse who had been on duty would corroborate this account. (Id. at 2-3). The disciplinary hearing officer found Hall guilty of the charged infraction and sentenced him to time served in the RHU. (Id. at 3). The guilty finding allegedly led to Hall losing his "RRRI"[1] and losing the chance to be released on parole. (Id.) The complaint names Cramer as the only defendant and raises claims for deliberate indifference to a serious medical need, retaliation, discrimination, and violation of due process. (Id. at 1). Hall seeks $50,000 in damages for the alleged violations of his civil rights. (Id. at 3).

---

[1] The complaint does not define this term.

**II.     Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
- **(A)** the allegation of poverty is untrue; or
- **(B)** the action or appeal—
   - **(i)** is frivolous or malicious;
   - **(ii)** fails to state a claim on which relief may be granted; or
   - **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
- **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
- **(2)** seeks monetary relief from a defendant who is immune from such relief.

**III.     Discussion**

Hall brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Hall's complaint, we will dismiss his deliberate indifference, retaliation, and discrimination claims for failure to state a claim upon which relief may be granted. To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Hall fails to allege a serious medical need. He alleges that he has been prescribed Flonase and that Cramer interfered with his ability to receive his prescribed dose of Flonase, but he does not allege what serious medical need the

Flonase was intended to treat or any other facts from which a serious medical need could be inferred. The court takes judicial notice that Flonase is a nasal spray used to treat common symptoms of seasonal allergies, such as "sneezing, running nose, itchy nose, itchy eyes, watery eyes, [and] nasal congestion." FLONASE, https://www.flonase.com/ (last visited July 21, 2022). These symptoms do not represent a serious medical need "so obvious that a lay person would recognize the necessity for a doctor's attention." Lanzaro, 834 at 347.

To state a retaliation claim upon which relief may be granted, a plaintiff must allege that (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against the plaintiff that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the plaintiff's protected conduct and the defendant's retaliatory action. Javitz v. Cty. of Luzerne, 940 F.3d 858, 863 (3d Cir. 2019). Hall alleges retaliatory actions by Cramer, but he does not allege that he engaged in protected activity or that there was a causal connection between his protected activity and Cramer's alleged retaliation. Hence, we will dismiss this claim.

We will likewise dismiss Hall's discrimination claim, which we liberally construe as an equal protection claim, because Hall does not allege that he was treated differently from any similarly situated individuals. See, e.g., City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (stating that the Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike" (quoting Plyer v. Doe, 457 U.S. 202, 216 (1982))).

Finally, Hall's due process claim will be allowed to proceed. Hall alleges that Cramer initiated disciplinary charges against him that were based on fabricated events and that there was no evidence to support his disciplinary conviction. (See Doc. 1). This is sufficient to state a due process claim upon which relief may be granted. See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (holding that prison disciplinary conviction violates prisoner's right to due process if the conviction is not supported by "some evidence in the record").

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We find that leave to amend is appropriate because Hall's claims are factually, rather than legally, deficient.

## IV.   Conclusion

We will dismiss Hall's deliberate indifference, retaliation, and discrimination claims under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. We will grant Hall leave to file an amended complaint. In the absence of a timely filed amended complaint, the deliberate indifference, retaliation, and discrimination claims will be dismissed without further leave to amend and the case will proceed only as to Hall's due process claim. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER  
Christopher C. Conner  
United States District Judge  
Middle District of Pennsylvania

Dated:   July 28, 2022