IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD HALL,** | : | CIVIL ACTION NO. 1:22-CV-951 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **C/O S. CRAMER,** | : | |
| Defendant | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Reginald Hall, who was formerly incarcerated in State Correctional Institution Benner Township ("SCI-Benner Township"), alleges civil rights violations by defendant, a correctional officer employed in the prison. The court issued an order requiring Hall to show cause as to why the case should not be dismissed for failure to prosecute based on his failure to update his mailing address after being released from custody. Hall has not responded to the order. We will accordingly dismiss the case with prejudice for Hall's failure to prosecute.

**I.     Factual Background & Procedural History**

Hall filed this case on June 16, 2022. (Doc. 1). The court dismissed the complaint in part on July 28, 2022, dismissing Hall's deliberate indifference, retaliation, and discrimination claims without prejudice, allowing his due process claim to proceed, and granting him leave to file an amended complaint. (Docs. 8-9). Hall did not file an amended complaint, so the case proceeded solely as to his due process claim, which alleges that defendant falsified misconduct charges against

him.  Defendant answered the complaint on October 26, 2022.  (Doc. 13).  Following the close of fact discovery, defendant moved for summary judgment on August 3, 2023.  (Doc. 18).  Hall did not respond to the motion.

On November 17, 2023, following an independent inquiry by the Clerk of Court regarding payment of the filing fee in the case, the Clerk of Court informed this court that Hall has been paroled from the custody of the Pennsylvania Department of Corrections.  (See Doc. 22).  The court issued an order on the same day requiring Hall to update his mailing address on or before December 1, 2023.  (Id.)  The court warned that if Hall did not update his address, the court would require him to show cause as to why the case should not be dismissed for failure to prosecute.  (Id.)

Hall did not respond to the court's order.  We accordingly issued an order on December 11, 2023, requiring Hall to show cause on or before December 26, 2023 as to why the case should not be dismissed for failure to prosecute.  (Doc. 23).  He again failed to respond.  The court has not received any communication or filing from Hall since he filed the complaint that initiated this case on June 16, 2022, a span of over 18 months.

**II.    Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute.  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). When determining whether to dismiss a case for failure to prosecute under Rule

41(b), the court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three Poulis factors weigh in favor of dismissing this case for failure to prosecute. First, because Hall is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders requiring him to update his address. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Second, Hall's failure to update his address causes prejudice to defendant by delaying resolution of the case. Manuel v. Harry, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, Hall has shown a history of dilatoriness by failing to comply with multiple orders requiring him to update his address. Id. This failure to comply with court orders demonstrates an intention to discontinue this litigation. Id.

The court finds that the fourth and fifth Poulis factors—whether Hall's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives.

3

Second, because he has not communicated with the court in any manner since filing this case, the court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of Hall's claims, weighs against dismissal. Hall's due process claim survived the court's screening review and has proceeded to the summary judgment stage. Hence, there is at least a modicum of merit to suggest that the case should be allowed to proceed.

Upon balancing the Poulis factors, we find that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted. Although the meritoriousness of Hall's due process claim weighs against dismissal, we find that this factor is outweighed by the other five factors, which collectively weigh strongly in favor of dismissal for failure to prosecute. In light of Hall's failures to comply with court orders and silence since filing this case, we will dismiss this action with prejudice. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order"). Having done so, we will deny defendant's motion for summary judgment without prejudice as moot.

**III.     Conclusion**

We will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and deny defendant's motion for summary judgment as moot. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 5, 2024